|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SCOTT ALLAN JONES,                         )
                         Plaintiff,         )      Case No. 2:15-cv-01108-MMD-NJK
                                )
vs.                                                         )      **REPORT AND RECOMMENDATION**
                                )
DISTRICT COURT CLARK COUNTY, et al.,   )
                       Defendants.     )

      Pending before the Court is the order for Plaintiff to show cause in writing, no later than October 12, 2015, why this case should not be dismissed. Docket No. 5. Plaintiff has failed to file a response. For the reasons discussed more fully below, the Court hereby **RECOMMENDS** that this case be **DISMISSED** without prejudice.

      "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). To that end, the Court's local rules expressly require plaintiffs to "immediately file with the Court written notification of any change of address." Local Special Rule 2-2. That rule further warns that the failure to comply "may result in dismissal of the action with prejudice." *Id.* On September 17, 2-15, Court mail sent to Plaintiff was returned as undeliverable, with an indication that Plaintiff was no longer at that address and no new address was known. Docket No. 4.

. . . .

. . . .

1    On September 18, 2015, the Court ordered Plaintiff to show cause, no later than October 12, 2015, why this case should not be dismissed in light of the above. Docket No. 5. The Court warned that the "**failure to respond to this order will result in a recommendation of dismissal.**" *Id.* (emphasis in original). Plaintiff failed to comply with that Court order. *See* Docket.

Plaintiff has disobeyed the Court's order that he show cause why the case should not be dismissed. Plaintiff's failure to update his address, his violation of the Local Special Rule, and his disobedience of Court orders are abusive litigation practices that have interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the Court's warning that case-dispositive sanctions may be imposed.

Accordingly, in light of the circumstances outlined above, the Court **RECOMMENDS** that this case be **DISMISSED** without prejudice.

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

IT IS SO ORDERED.

DATED: October 29, 2015.

NANCY J. KOPPE
United States Magistrate Judge

2